The STATE of Ohio, Appellee,

v.

KUHNER, Appellant.

[Cite as State v. Kuhner, 154 Ohio App.3d 457, 2003-Ohio-4631.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–03–12.

Decided Sept. 2, 2003.

458

Andrew P. Zavelson and Eric E. Norton, for appellant.

Ken Egbert Jr., Seneca County Prosecuting Attorney, Jonathan H. Cable, Assistant Prosecuting Attorney, for appellee.

---

THOMAS F. BRYANT, Presiding Judge.

{¶ 1} Defendant-appellant, Jonathan Kuhner, brings this appeal from the judgment of the Court of Common Pleas of Seneca County denying his motion to suppress all evidence obtained against him as a result of a search and seizure of his property by the Tiffin Police Department.

{¶ 2} On February 26, 2002, Jessica Benton, a residence coordinator at Heidelberg College in Tiffin, Ohio, contacted the police regarding possible· marijuana use in a dormitory room. While awaiting the arrival of the drug-sniffing canine, one individual from the room, Kuhner, handed a backpack to Officer Bryant and told him he had a bag of marijuana in the backpack. After

the search of the room was completed, Officer Bryant searched the front pouch of the backpack and discovered a small bag of marijuana. After having Kuhner accompany him to his cruiser, Officer Bryant unzipped the main pocket of the backpack and discovered a larger bag of marijuana with smaller, individual bags inside.

{¶ 3} Kuhner was indicted on one count of trafficking in marijuana, a felony in the fifth degree. Kuhner timely filed a motion to suppress the evidence obtained against him as a result of, and subsequent to, the search and seizure conducted on February 26, 2002. On October 7, 2002, the trial court held a suppression hearing, at which Jessica Benton, residence coordinator at Heidelberg College, and Officers David Horne, Shawn Vallery, and Brian Bryant, gave testimony. On November 18, 2002, the trial court denied the motion to suppress at the court-scheduled plea date. At the same time, Kuhner withdrew his previously entered plea of not guilty and entered a plea of guilty to one count of trafficking in marijuana in accordance with a previously drafted sentence recommendation from the prosecuting attorney. The trial court accepted the guilty plea entered by Kuhner. Kuhner now seeks to appeal from the denial of his motion to suppress, raising the following assignments of error:

> "The trial court erred in overruling the motion to suppress filed by appellant by disregarding that there were two separate and independent warrantless searches in this matter, one consensual and, therefore, legal and one nonconsensual and, therefore, a violation of the Fourth Amendment."

> "The trial court erred in overruling the motion to suppress filed by appellant by erroneously applying to the instant case the 'objective reasonableness' standard created in *Florida v. Jimeno* [500 U.S. 248], 111 S.Ct. 1801 [114 L.Ed.2d 297] (1991)."

> "The trial court erred in overruling the motion to suppress filed by appellant based on its conclusion that appellant did not effectively limit his consent to a warrantless search by the police."

{¶ 4} Before this court can even consider the assignments of error raised by Kuhner, we must first address the issue whether by pleading guilty Kuhner has waived his right to appeal issues regarding the trial court's denial of his pretrial motion to suppress. A plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself. *Ross v. Common Pleas Court of Auglaize Cty.* (1972), 30 Ohio St.2d 323, 59 O.O.2d 385, 285 N.E.2d 25. "Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling." *State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, 774 N.E.2d 1228, ¶ 13.

{¶ 5} A plea of no contest permits the defendant to preserve the issue of pretrial motions, including a pretrial motion to suppress evidence. Crim.R. 12(I). However, a defendant does not have an unqualified right to plead no contest. A trial court has discretion whether to accept a no-contest plea. Crim.R. 11(A). The decision of the trial court whether to accept or reject a no-contest plea will not be reversed on appeal absent an abuse of discretion. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 15 OBR 311, 473 N.E.2d 264. In Ohio, the universally accepted definition of an abuse of discretion is a judgment that reflects an attitude by the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 6} Both the Second District Court of Appeals and the Tenth District Court of Appeals have found that a trial court's policy to refuse to accept no-contest pleas constituted an abuse of discretion because the trial courts failed to consider the facts and circumstances of the individual cases presented before them. *State v. Carter* (1997), 124 Ohio App.3d 423, 706 N.E.2d 409; *State v. Graves* (Nov. 19, 1998), 10th Dist. No. 98AP–272, 1998 WL 808356. The trial court decisions were instead rendered based solely upon a blanket court policy that precluded the use of such pleas regardless of the facts of a particular case or a defendant's individual situation.

{¶ 7} This court also has followed this line of decisions in *Smith v. Smith* (Aug. 16, 2001), Wyandot App. No. 16–01–03, 2001 WL 929375. In *Smith,* during a hearing for a civil protection order against the appellant, the magistrate made statements that indicated that the trial court's decision to grant a civil protection order was based upon a court policy to formulate decisions concerning child abuse, and not upon the evidence and testimony before him. However, in *Smith,* we held that "while the trial court made unfortunate statements suggesting an established court policy that raises concern for all litigants by this court, the decision rendered herein reflects that the trial court did properly weigh the evidence before it * * *." Id. at * 2.

{¶ 8} While the magistrate's remarks taken in isolation would likely lead to the assumption that the trial court based its decision on a blanket court policy, a complete review of the record and the magistrate's written decision led to a different conclusion. We found that "the magistrate's decision [was] supported by sufficient evidence and there [was] sufficient explanation by the magistrate to demonstrate that the evidence was fairly considered and the credibility of witnesses was appropriately weighed." Id.

{¶ 9} The case at hand can be distinguished from the *Smith* case. The magistrate in *Smith* rendered his decision to grant a civil protection order based on the merits of the case. The trial judge in Kuhner made his decision based on procedural concerns. In this case the matter came before the court on a motion

to change the defendant's plea two days before the scheduled trial for which the jury had been summoned and witnesses had been subpoenaed. The transcript from the hearing reveals the trial judge's concern with the timing of the motion to change the plea:

"The Court: Then the plea is to take place immediately; that will vacate the jury trial for this Thursday and Friday, you understand that?

"Mr. Zavelson: That's correct, Your Honor.

"The Court: We have a jury ready, so they're summoned and ready to go but your client prefers to plead guilty rather than proceed with a jury trial?

"Mr. Zavelson: Yes, he does, Your Honor.

"The Court: Does he understand that the jury trial scheduled for Thursday, November 14th and Friday, November 15th will now, for this case, be vacated, though jury trials, others are scheduled?

"Mr. Zavelson: That's correct, Your Honor.

"The Court: Then, Mr. Kuhner and counsel may sign the plea report. Court has before it a Report After Plea Date [sic]. Is that your signature, Mr. Kuhner?

"Mr. Kuhner: Yes, Your Honor, it is.

"The Court: You understand what you're proposing to do is change your plea from not guilty to guilty, is that what you wish to do?"

{¶ 10} Kuhner sought to avail himself of a plea bargain, previously offered by the prosecution, of a recommendation of a reduced sentence in exchange for a plea of guilty to the charged offense. Because the sentence recommendation called for the defendant to enter a plea of guilty in exchange for a recommended lesser sentence to the charge, Kuhner's counsel suggested to the court an amendment of that agreement from a plea of guilty to one of no contest.

{¶ 11} The trial judge's refusal to accept a no-contest plea in contravention of the sentence recommendation did not amount to the trial judge's participating in the terms of the plea bargain. A trial judge should not participate in plea discussions and such participation is considered prejudicial to the defendant. *State v. Harper* (1988), 47 Ohio App.3d 109, 547 N.E.2d 395. The trial judge did not give Kuhner an ultimatum of pleading guilty in order to partake in the recommended sentence by the prosecutor, nor was his reason for refusing to accept the no-contest plea to prevent Kuhner from appealing his ruling on the motion to suppress. The trial judge based his decision of not accepting the no-contest plea on the timing of the motion to change the plea, as Kuhner sought to change his plea and accept the sentence recommendation two days before his scheduled trial.

{¶ 12} Although a trial court may not adopt a blanket policy of never allowing a no-contest plea, it cannot be determined from the record in this case whether the trial judge was referring to a fixed rule or the application of the local rule under the circumstances when he refused to accept Kuhner's plea of no contest. In the local rules of the Common Pleas Court of Seneca County, Criminal Rule 25.02 states:

"On the date scheduled as the Plea Date, counsel and the defendant shall be present. If the defendant wishes to enter a plea of guilty, the plea will take place at that time. If the defendant does not wish to enter a plea of guilty, that decision is placed on the record. After this date the Court will accept no plea except to the original charge(s). If the defendant does not enter a plea on the plea date, the Jury Trial proceeds as scheduled."

{¶ 13} The trial judge's refusal to enter into a plea bargain with the defendant, who was seeking to avail himself of the prosecutor's written bargain—outside of the recommendation's original terms and, in fact, on better terms—is not an abuse of discretion. A trial judge is within the bounds of his discretion in refusing a no-contest plea based on procedural considerations in the particular case before him. We find no abuse of discretion on the part of the trial court with regard to the denial of the no-contest plea.

{¶ 14} The issues raised by the trial court's judgment denying suppression of evidence are not preserved for appeal, and thus we do not reach the assignments of error.

{¶ 15} Nevertheless, the record discloses that the facts found by the trial court are supported by substantial, credible evidence adduced at the hearing, and depend in large part on assessment of the credibility of the witnesses. We must accept those findings of fact so supported and determined and thus find no error in the trial court's application of the relevant legal principles when entering its judgment.

{¶ 16} The judgment of the Court of Common Pleas of Seneca County is affirmed.

Judgment affirmed.

SHAW and WALTERS, JJ., concur.