OPINION
{¶ 1} Defendant-appellant, Jaylon A. Smith, appeals the judgment of the Allen County Court of Common Pleas, overruling his motion to suppress identification testimony and in-court identification of appellant by the alleged victim.
 {¶ 2} Appellant was indicted on January 16, 2003 for two counts of rape, in violation of R.C. 2907.02; one count of kidnapping, in violation of R.C. 2905.01; one count of aggravated robbery, in violation of R.C. 2911.01; one count of failure to comply with the order of a police officer, in violation of R.C.2921.331; and one count of grand theft of a motor vehicle, in violation of R.C. 2913.02.
 {¶ 3} On February 4, 2003, appellant filed a motion to suppress "any identification testimony and any attempts at in-court identification of said defendant by the alleged victim." The trial court held a hearing on the matter and subsequently overruled appellant's motion to suppress.
 {¶ 4} A jury trial was scheduled for September 9, 2003. On the day trial was to begin, however, appellant negotiated a plea of guilty to one count of rape with a firearm specification, one count of kidnapping and one count of aggravated robbery. Pursuant to the plea, the parties negotiated that appellant would receive a sentence of twenty-two years in prison. Sentencing was subsequently scheduled for November 17, 2003.
 {¶ 5} On November 6, 2003, appellant filed a motion to withdraw his guilty plea. The court held a hearing on the motion on November 17, 2003, the date originally scheduled for appellant's sentencing. Following hearing, the trial court overruled appellant's motion and sentenced him to twenty-two years in prison.
 {¶ 6} The appellant now appeals the denial of his motion to suppress identification filed prior to the entry of his guilty plea. Appellant sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The Allen County Common Pleas Court's [sic] erred inoverruling appellant's motion to suppress.
 {¶ 7} Appellant argues that the trial court's denial of his motion to suppress identification evidence was against the manifest weight of the evidence, as the identification of appellant by the victim was unnecessarily suggestive and unreliable under the totality of the circumstances. However, we find that appellant waived his right to appeal by entering a guilty plea in lieu of a jury trial.
 {¶ 8} We have previously held in State v. Kuhner,154 Ohio App.3d 457, 2003-Ohio-4631:
A plea of guilty is a complete admission of guilt. Crim.R.11(B)(1). A defendant who enters a plea of guilty waives theright to appeal all nonjurisdictional issues arising at priorstages of the proceedings, although the defendant may contest theconstitutionality of the plea itself. Ross v. Common Pleas Courtof Auglaize Cty. (1972), 30 Ohio St.2d 323. "Thus, by entering aguilty plea, a defendant waives the right to raise on appeal thepropriety of a trial court's suppression ruling." State v.McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 13.
 {¶ 9} Accordingly, by virtue of pleading guilty, we find that appellant has waived his right to appeal the trial court's denial of his motion to suppress identification evidence.
 {¶ 10} Appellant's assignment of error is overruled.
 {¶ 11} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Shaw, P.J. and Bryant, J., concur.