[Cite as *State v. Ramsey*, 2011-Ohio-4184.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  9-10-55

      v.

TERESA M. RAMSEY,              O P I N I O N

      DEFENDANT-APPELLANT.

---

Appeal from Marion County Common Pleas Court
Trial Court No. 10-CR-224

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   August 22, 2011

---

APPEARANCES:

    *Kevin P. Collins*  for Appellant

    *Brent W. Yager and David J. Stamolis*  for Appellee

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Teresa Ramsey, appeals from the judgment of the Court of Common Pleas of Marion County finding her guilty of operating a vehicle under the influence and sentencing her to a two-year term of community control with twenty-nine sanctions. On appeal, Ramsey contends that the trial court erred in denying her motion to suppress, that the trial court erred in denying her attorney's motion to withdraw from representation, that the trial court erred in assessing her court-appointed attorney's fees, and that she received ineffective assistance of counsel. Based on the following, we affirm in part and reverse in part the trial court's judgment.

{¶2} In May 2010, the Marion County Grand Jury indicted Ramsey with a single count of operating a vehicle under the influence a violation of R.C. 4511.19(A)(1)(a), with the sole specification that Ramsey had been convicted of or pleaded guilty to three or more violations of R.C. 4511.19(A) or (B) or a similar local statute within the last six years of the present offense, a felony of the fourth degree. The indictment arose as a result of a motorist notifying local law enforcement, via telephone, of a driver possibly operating a vehicle under the influence. Based on the motorist's call an officer executed a traffic stop of the vehicle, which was operated by Ramsey. As a result of the traffic stop the officer determined that Ramsey was operating her vehicle under the influence.

**{¶3}** In that same month, Ramsey entered a plea of not guilty to the single count in the indictment and filed an affidavit of indigency. The trial court, subsequently, appointed an attorney to represent Ramsey.

**{¶4}** On August 3, 2010, Ramsey filed a motion to suppress, arguing that a telephone call notifying law enforcement of a driver possibly operating a vehicle under the influence does not result in reasonable articulable suspicion necessary to initiate a traffic stop.

**{¶5}** On August 9, 2010, the trial court held a hearing on Ramsey's motion to suppress and denied her motion.

**{¶6}** On August 12, 2010, Ramsey appeared before the trial court for a change of plea hearing. During the change of plea hearing the State presented a recommended sentence of two-years of community control, a one hundred twenty (120) day jail term, a $1,350.00 mandatory fine, and a three-year suspension of Ramsey's operator's license. Change of Plea Hearing Tr., p. 32. In return, the State would dismiss the sole specification. Prior to accepting Ramsey's plea of guilty the trial court conducted a thorough Crim.R. 11 colloquy. At the conclusion of the Crim.R. 11 colloquy, Ramsey entered a plea of guilty to the single count of the indictment, and the trial court accepted Ramsey's plea of guilty. Pursuant to the plea agreement the State moved to dismiss the specification, and the trial court found the motion well taken.

{¶7} On September 8, 2010, Ramsey's attorney filed a motion to withdraw, stating, in pertinent part, that "(1) [Ramsey] no longer wishes to be represented by said counsel, and (2) [Ramsey] wants new court appointed counsel to represent her in this matter." September 8, 2010, Motion to Withdraw.

{¶8} On September 30, 2010, the matter proceeded to sentencing. Before the trial court proceeded with sentencing, it first addressed Ramsey's attorney's motion to withdraw from representation. After hearing testimony on the matter the trial court denied Ramsey's attorney's motion to withdraw from representation. Subsequently, the trial court proceeded with the sentencing hearing. The trial court sentenced Ramsey, stating:

> **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Defendant, TERESA M. RAMSEY, is sentenced on:**
>
> **Count [One]: Operating a Vehicle Under the Influence [R.C. 4511.19(A)(1)(a)], F4, to two (2) years of community control, subject to the general supervision of the Adult Probation Department.**

October 12, 2010 Judgment Entry, p. 1. Appurtenant to Ramsey's two-year term of community control were twenty-nine sanctions including, inter alia, that she serve one hundred twenty days in jail, pay court costs, pay a mandatory fine of $1,350.00 to the State, and pay court-appointed attorney's fees. The trial court further ordered that Ramsey's operator license be suspended for three (3) years.

-4-

{¶9} It is from this judgment Ramsey appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY DENYING HER MOTION TO SUPPRESS EVIDENCE.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING THE MOTION TO WITHDRAW FILED BY HER ATTORNEY.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY ASSESSING COURT APPOINTED ATTORNEY FEES AGAINST HER.**

*Assignment of Error No. IV*

**DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS (SIC) SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS (SIC) RIGHTS UNDER SECTION 10, ARTICLE I, (SIC) OHIO CONSTITUTION.**

{¶10} Due to the nature of Ramsey's assignments of error, we will address her first, second, and fourth assignments of error together and her third assignment of error last.

*Assignments of Error Nos. I, II & IV*

**{¶11}** In her first, second, and fourth assignments of error, Ramsey contends that the trial court erred in denying her motion to suppress, erred in denying her attorney's motion to withdraw from representation, and that she received ineffective assistance of counsel, respectively.

**{¶12}** In relation to the trial court's denial of Ramsey's motion to suppress, the State contends that by virtue of her plea of guilty Ramsey has waived her right to appeal the trial court's denial of her motion to suppress. We agree. A guilty plea waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea. *State v. Spates,* 64 Ohio St.3d 269, 272, 1992-Ohio-130. In light of the forgoing, we further find that Ramsey, by virtue of her plea of guilty, waived her right to appeal her claim of ineffective assistance of counsel, and the trial court's denial of her attorney's motion to withdraw from representation.

*Denial of Motion to Suppress*

**{¶13}** This Court has previously held in *State v. Kuhner,* 154 Ohio App.3d 457, 797, 2003-Ohio-4631, ¶4:

> **A plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself.** ***Ross v. Common Pleas Court***

> **of Auglaize Cty. (1972), 30 Ohio St.2d 323, 285 N.E.2d 25. "Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the propriety of a trial court's suppression ruling." *State v. McQueeney,* 148 Ohio App.3d 606, 774 N.E.2d 1228, 2002-Ohio-3731, ¶13.**

Consequently, by virtue of pleading guilty, we find that Ramsey has waived her right to appeal the trial court's denial of her motion to suppress. See also *State v. Smith*, 3d Dist. No. 1-04-06, 2004-Ohio-4004, ¶9.

*Ineffective Assistance of Counsel*

{¶14} This Court has also previously held in *State v. Streets*, 3d Dist. No. 5-98-09, 1998 WL 682284, *2:

> **A plea of guilty waives a claim of ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett* (1991), 73 Ohio App.3d 244, 249, 596 N.E. 2d 1101. If a defendant can demonstrate that he [or she] received ineffective assistance of counsel in entering his [or her] guilty plea and that but for that ineffective assistance he [or she] would have proceeded to trial, then we would be required to reverse a defendant's sentence and remand the matter to the trial court to allow the defendant to withdraw his [or her] plea. *State v. Freeman* (July 3, 1997), Shelby App. Nos. 17-96-18 and 17-96-19, unreported, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. *State v. Smith* (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128.**

See also, *State v. Jackson*, 3d Dist. No. 1-98-78, 1999 WL 253236; *State v. Kitzler*, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶¶12-13.

**{¶15}** On appeal, Ramsey contends that she received ineffective assistance of counsel because her attorney failed to explain the proceedings to her, was not accessible, and did not provide meaningful advice. Ramsey, however, does not claim that her attorney's alleged ineffective assistance affected the voluntary and knowing nature of her plea. Consequently, Ramsey's fourth assignment of error is outside our scope of review on appeal.

*Motion to Withdraw from Representation*

**{¶16}** In Ramsey's second assignment of error, she contends that the trial court erred in denying her attorney's motion to withdraw from representation. Absent evidence in the record demonstrating a connection between the trial court's denial of an attorney's motion to withdraw from representation and the voluntariness and knowingness of appellant's plea of guilty, denial of such a motion will not affect whether the appellant knowingly, intelligently, and voluntarily entered a plea. Here, Ramsey neither contends that the trial court's denial of her attorney's motion to withdraw from representation affected her plea nor does she present any evidence to support the same. Consequently, Ramsey's second assignment of error is outside our scope of review on appeal.

**{¶17}** Accordingly, we overrule Ramsey's first, second, and fourth assignments of error.

*Assignment of Error No. III*

**{¶18}** In her third assignment of error, Ramsey contends that the trial court erred in ordering her to pay court-appointed attorney's fees. Specifically, Ramsey contends that the trial court failed to make an "affirmative determination" as to whether she was financially capable of paying court-appointed attorney's fees. We agree.

**{¶19}** R.C. 2941.51(D) provides the following pertinent provision concerning court-appointed attorney's fees: " * * * if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." This Court has previously stated, however, that:

> **[A]n indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record in the form of a journal entry, that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay.**

*State v. Johnson,* 3d Dist. No. 16-03-09, 2004-Ohio-1513, ¶50, quoting *City of Galion v. Martin*, 3d Dist. No. 3-91-06, 1991 WL 261835. The trial court sub judice failed to make an affirmative finding of Ramsey's present or future ability

to pay court-appointed attorney's fees in its sentencing journal entry; and therefore, the trial court erred in assessing court-appointed attorney's fees. Consequently, we must remand this matter for resentencing in accordance with the procedures adopted by this Court in *City of Galion v. Martin* and its progeny.

{¶20} Accordingly, we sustain Ramsey's third assignment of error.

{¶21} In addition to Ramsey's assignments of error, we, sua sponte, address plain error in Ramsey's sentencing. In order to have plain error under Crim.R. 52(B) there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 431, 1997-Ohio-204; see *State v. Johnson*, 3d Dist. No. 2-98-39, 1999-Ohio-825.

{¶22} As it stands now, the record reflects that Ramsey has been convicted of a felony of the fourth degree, pursuant to R.C. 4511.19(G)(1)(d), and sentenced accordingly. See October 12, 2010 Judgment Entry, p. 1. This is plain error. During the change of plea hearing the State moved to dismiss the sole specification to the single count of operating a vehicle under the influence. The

trial court found the motion well taken, and memorialized the dismissal in its October 12, 2010 judgment entry. Despite having memorialized the dismissal in its October 12, 2010 judgment entry, the trial court failed to adjust the level of offense Ramsey would be guilty of in the absence of the specification. The effect of the dismissal drops Ramsey's offense from a felony of the fourth degree to a misdemeanor of the first degree. Compare R.C. 4511.19(G)(1)(d) with R.C. 4511.19(G)(1)(a). Accordingly, Ramsey entered a plea of guilty to a misdemeanor of the first degree, and the trial court should have sentenced her pursuant to R.C. 4511.19(G)(1)(a).

{¶23} In light of this error, we remand this matter for resentencing in accordance with R.C. 4511.19(G)(1)(a).

{¶24} Having found no error prejudicial to Ramsey herein, in the particulars assigned and argued in the first, second, and fourth assignments of error, but having found error prejudicial to the appellant, in the particulars assigned and argued in the third assignment of error, as well as plain error in her sentencing, we affirm in part, and reverse in part, the judgment of the trial court, and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part, and*
*Cause Remanded*

**SHAW and PRESTON, J.J., concur.**
**/jlr**

-11-