[Cite as *State v. Miles*, 2018-Ohio-3317.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  5-18-06

      v.

JOHN T. MILES III,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2017 CR 164

Judgment Affirmed

Date of Decision:  August 20, 2018

APPEARANCES:

    *Gene P. Murray* for Appellant

    *Steven M. Powell* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, John T. Miles III ("Miles"), appeals the February 22, 2018 judgment entry of sentence of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case arises from a sale of lysergic acid diethylamide ("LSD") by Miles to a confidential-law-enforcement informant near Findlay High School in Findlay, Ohio on October 6, 2016. (*See* Doc. Nos. 1, 49, 50). At the time of the sale, Miles was under judicial release supervision relating to prior felony drug-trafficking convictions. (*See* Doc. No. 49). On May 30, 2017, the Hancock County Grand Jury indicted Miles on one count of trafficking in LSD in violation of R.C. 2925.03(A), a third-degree felony. (Doc. No. 1). On June 7, 2017, Miles appeared for arraignment and entered a plea of not guilty. (Doc. No. 7).

{¶3} On February 1, 2018, Miles filed a "Motion in Limine to Dismiss" requesting that the trial court dismiss the indictment on grounds that the law-enforcement-incident report detailing Miles's LSD sale on October 6, 2016 included an erroneous description of the victim of Miles's conduct and that Miles, as the object of a law-enforcement-entrapment scheme, was the actual victim. (Doc. No. 65). On February 7, 2018, the trial court, treating the motion as a motion to dismiss the indictment, denied Miles's motion. (Doc. No. 75). On February 8, 2018, Miles filed a "Second Motion in Limine to Dismiss" requesting that the trial court dismiss

the indictment because "the indicted charge was the result of an unsworn complaint and unsigned victim's statement, rendering the indictment void and divesting the trial court of jurisdiction in this case." (Doc. No. 76). As with Miles's earlier motion, the trial court treated Miles's second motion as a motion to dismiss the indictment and denied this motion on February 9, 2018. (Doc. No. 78).

{¶4} On February 12, 2018, Miles, under a negotiated plea agreement, withdrew his not guilty plea and pleaded guilty. (Doc. No. 81). The trial court accepted Miles's guilty plea and found him guilty. (*See* Doc. No. 88). On February 22, 2018, Miles was sentenced to 24 months in prison. (*Id.*).

{¶5} On March 26, 2018, Miles filed a notice of appeal. (Doc. No. 108). He raises two assignments of error, which we address together.

**Assignment of Error No. I**

**The Police-Reported Complaint against the defendant-appellant, obtained by the defense in discovery from the State, was based upon an unsigned police report, thereby depriving the State of jurisdiction to prosecute this case, and also depriving the trial court itself of jurisdiction in this case, regardless of the indictment, and regardless of the guilty plea to the indictment, as the trial court cannot bestow jurisdiction upon itself in a case where there was none, ab initio, thereby necessitating the vacating of the guilty finding and of the sentencing, and so requiring dismissal.**

**Assignment of Error No. II**

**The defendant-appellant respectfully submits that the State's case was based upon a non-existent victim, according to the State's own discovery, thereby fatally flawing the indictment in this case,**

**in which the defendant-appellant respectfully asserts that he was the actual victim in the case. For at all pertinent times, defendant-appellant was the State's probationer whom the State improperly and wrongly set up to fail, by using a State informant to call and ask its own probationer (the defendant-appellant) to obtain and to sell the illegal drug, lysergic acid diethylamide (LSD), which as a matter of public policy, should result in this case having been a non-starter, and so requiring reversal or vacating through dismissal, in the interests of justice.**

{¶6} Although Miles does not explicitly argue in his appellate brief that the trial court committed any reversible error, his assignments of error and his arguments in support of his assignments of error advance arguments that are nearly identical to those made in his two motions to dismiss the indictment. Therefore, we will treat each of Miles's assignments of error as alleging that the trial court erred by denying his motions to dismiss the indictment.

{¶7} In his assignments of error, Miles argues that the trial court erred by denying his motions to dismiss the indictment. Specifically, Miles argues that (1) the trial court did not have subject-matter jurisdiction over his case because the "Police-Reported Complaint" against him was not signed or sworn to under oath by the reporting law enforcement officers as required by Crim.R. 3 and that (2) he was entrapped by law enforcement.

{¶8} "An appellate court reviews de novo a trial court's denial of a motion to dismiss an indictment." *State v. Robertson*, 3d Dist. Henry No. 7-14-16, 2015-Ohio-1758, ¶ 17, citing *State v. Tayse*, 9th Dist. Summit No. 23978, 2009-Ohio-

1209, ¶ 28, citing *State v. Whalen*, 9th Dist. Lorain No. 08CA009317, 2008-Ohio-6739, ¶ 7. *See State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 23 ("A trial court's decision granting or denying a motion to dismiss for lack of subject-matter jurisdiction is reviewed de novo."), citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). "'De novo review is independent, without deference to the lower court's decision.'" *Robertson* at ¶ 17, quoting *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

{¶9} "'"Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits" and "defines the competency of a court to render a valid judgment in a particular action."'" *State v. Faber*, 3d Dist. Seneca No. 13-15-01, 2015-Ohio-3720, ¶ 22, quoting *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 6, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, citing *United States v. Cotton*, 535 U.S. 625, 630 (2002) and *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). "The filing of a valid complaint is a necessary prerequisite to a court's acquisition of jurisdiction." *State v. Williams*, 12th Dist. Butler No. CA2014-06-144, 2015-Ohio-1090, ¶ 8, citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 12. "However, '[a]n accused in a felony case is not

tried upon the affidavit filed against him but on the indictment by the grand jury.'" *Id.*, quoting *Foston v. Maxwell*, 177 Ohio St. 74, 76 (1964) and *State v. Thacker*, 4th Dist. Lawrence No. 04CA5, 2004-Ohio-3978, ¶ 12.

**{¶10}** "'[W]here the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute, the defense of entrapment is established and the accused is entitled to acquittal.'" *State v. Barnett*, 3d Dist. Hardin No. 6-12-03, 2012-Ohio-3748, ¶ 31, quoting *State v. Doran*, 5 Ohio St.3d 187, 192 (1983), citing *Sherman v. United States*, 356 U.S. 369, 372 (1958). "Entrapment is not established, though, when government officials 'merely afford opportunities or facilities for the commission of the offense,' and the accused was predisposed to commit the offense." *Id.*, citing *Doran* at 192, quoting *Sherman* at 372. The following facts, while non-exclusive, are relevant when considering whether a defendant is predisposed to commit a given offense:

> (1) the accused's previous involvement in criminal activity of the nature charged, (2) the accused's ready acquiescence to the inducements offered by the police, (3) the accused's expert knowledge in the area of the criminal activity charged, (4) the accused's ready access to contraband, and (5) the accused's willingness to involve himself in criminal activity.

*Id.*, quoting *Doran* at 192. Because it is an affirmative defense, the defendant bears the burden of proving entrapment by a preponderance of the evidence. *State v. Taylor*, 3d Dist. Seneca No. 13-10-49, 2011-Ohio-5080, ¶ 21, citing *Doran* at 192-193 and R.C. 2901.05(A).

**{¶11}** We conclude that the trial court had subject-matter jurisdiction over Miles's case. The crux of Miles's argument is that the trial court did not have subject-matter jurisdiction to preside over his case because the "Police-Reported Complaint" does not satisfy Crim.R. 3's requirements for filing criminal complaints. *See New Albany v. Dalton*, 104 Ohio App.3d 307, 311-312 (10th Dist.1995) (concluding that the failure to file properly sworn complaints in compliance with Crim.R. 3 deprived the trial court of subject-matter jurisdiction). However, the "Police-Reported Complaint" is not a "complaint" within the meaning of Crim.R. 3.[1] "'A complaint is the basic charging instrument in * * * criminal proceedings in [the state of Ohio].'" *State v. Ebraheim*, 6th Dist. Lucas No. L-14-1157, 2015-Ohio-4055, ¶ 26, quoting *State v. Hess*, 7th Dist. Jefferson No. 02 JE 36, 2003-Ohio-6721, ¶ 16, citing *State v. Wood*, 48 Ohio App.2d 339, 343 (8th Dist.1976). Here, the "Police-Reported Complaint" is *not* the charging instrument used to initiate criminal proceedings against Miles; the prosecution against Miles was commenced under an

---

[1] Crim.R. 3 provides: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

indictment.  (*See* Doc. No. 1).  Instead, the "Police-Reported Complaint" is nothing more than a copy of a law-enforcement-incident report documenting the circumstances of Miles's sale of LSD on October 6, 2016.  Thus, because the "Police-Reported Complaint" is not a charging instrument, it is immaterial whether it complies with the requirements of Crim.R. 3.

**{¶12}** Moreover, there is no evidence in the record that Miles was charged with or prosecuted under a complaint.  Rather, Miles was prosecuted and convicted under the indictment issued by the Hancock County Grand Jury, and the indictment gave the trial court subject-matter jurisdiction over Miles's case.  *See State v. Turner*, 3d Dist. Allen No. 1-11-01, 2011-Ohio-4348, ¶ 21, citing *State v. Leigh*, 2d Dist. Montgomery No. 18294, 2001 WL 1345957, *2 (Nov. 2, 2001).  *See also Williams*, 2015-Ohio-1090, at ¶ 9, citing *State v. Gaitor*, 7th Dist. Mahoning No. 13 MA 189, 2014-Ohio-4010, ¶ 16 and *Leigh* at *2.  Furthermore, even if the State had charged Miles under the "Police-Reported Complaint" and the "Police-Reported Complaint" was incurably defective, the fact that Miles was ultimately prosecuted and convicted under the indictment would render any defect in the "Police-Reported Complaint" "irrelevant and harmless."  *Williams* at ¶ 9, citing *Thacker*, 2004-Ohio-3978, at ¶ 12, *Turner* at ¶ 21, and *State v. Phillips*, 7th Dist. Mahoning No. 14 MA 34, 2014-Ohio-5309, ¶ 17.

**{¶13}** Miles's entrapment argument is also without merit. Miles waived his entrapment argument by pleading guilty to the count of the indictment. "A plea of guilty is a complete admission of guilt." *State v. Kuhner*, 154 Ohio App.3d 457, 2003-Ohio-4631, ¶ 4 (3d Dist.), citing Crim.R. 11(B)(1). "'By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.'" *State v. Kitzler*, 3d Dist. Wyandot No. 16-02-06, 2002-Ohio-5253, ¶ 12, citing *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist.1991), quoting *United States v. Broce*, 488 U.S. 563, 570 (1989). "A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself." *Kuhner* at ¶ 4, citing *Ross v. Common Pleas Court of Auglaize Cty.*, 30 Ohio St.2d 323 (1972). *Accord State v. Kidd*, 2d Dist. Clark No. 03CA43, 2004-Ohio-6784, ¶ 11 ("Unlike a plea of no contest, a plea of guilty waives all appealable errors that may have occurred at trial, unless such errors precluded the defendant from entering a knowing and voluntary guilty plea."), citing *Barnett* at 248 and *State v. Kelley*, 57 Ohio St.3d 127 (1991). In particular, "a defendant who enters a guilty plea * * * thereby waives his right to argue on appeal that the trial court erred when it denied a motion to dismiss * * *." *State v. Hanneman*, 2d Dist. Montgomery No. 21772, 2007-Ohio-5175, ¶ 5, citing *Huber Heights v. Duty*, 27 Ohio App.3d 244 (2d Dist.1985).

Case No. 5-18-06

{¶14} Miles does not argue that the alleged entrapment by law enforcement officers rendered his guilty plea unknowing, unintelligent, or involuntary. Similarly, Miles's entrapment claim does not call into question the trial court's jurisdiction over his case. As such, Miles's arguments that the trial court erred by denying his first motion to dismiss the indictment and that he was entrapped were waived by operation of his guilty plea. *See id.* at ¶ 4-6; *Kidd* at ¶ 11 (concluding that Kidd's argument that law enforcement officers entrapped him into committing drug trafficking offenses was waived by reason of Kidd's guilty pleas).

{¶15} Miles's assignments of error are overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**