[Cite as *State v. Magallanes*, 2019-Ohio-1284.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                    CASE NO. 13-18-34

     v.

JULIAN MAGALLANES,                O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 18 CR 0014

Judgment Affirmed

Date of Decision: April 8, 2019

APPEARANCES:

    *Henry Schaefer* for Appellant

    *Rebeka Beresh* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Julian Magallanes ("Magallanes"), appeals the September 17, 2018 judgment of sentence of the Seneca County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case arises from an August 22-23, 2017 incident in which Magallanes digitally penetrated S.G., his girlfriend's four-year-old daughter. On January 24, 2018, the Seneca County Grand Jury indicted Magallanes on two counts: Count One of rape in violation of R.C. 2907.02(A)(1)(b), (B), a first-degree felony, and Count Two of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2), a third-degree felony. (Doc. No. 1). On February 13, 2018, Magallanes appeared for arraignment and entered pleas of not guilty to the counts of the indictment. (Doc. No. 9).

{¶3} On July 30, 2018, under a negotiated plea agreement, Magallanes withdrew his pleas of not guilty and entered a plea of guilty to Count Two of the indictment. (Doc. Nos. 47, 48). In exchange, the State agreed to recommend dismissal of Count One. (*Id.*). The trial court accepted Magallanes's guilty plea, found him guilty, and ordered a presentence investigation ("PSI"). (Doc. No. 48).

{¶4} On September 14, 2018, the trial court sentenced Magallanes to a mandatory term of 60 months in prison on Count Two. (Doc. No. 51). The trial

court also granted the State's motion for the dismissal of Count One of the indictment and dismissed the same. (Doc. Nos. 49, 50). On September 17, 2018, the trial court filed its judgment entry of sentence. (Doc. No. 51).

{¶5} Magallanes filed his notice of appeal on October 11, 2018. (Doc. No. 58). He raises one assignment of error.

**Assignment of Error**

**The trial court erred when it sentenced Appellant to the maximum prison sentence term.**

{¶6} In his assignment of error, Magallanes argues that the trial court erred in sentencing him to 60 months in prison. Specifically, Magallanes argues that "the weakness of the State's case does not warrant a maximum term of incarceration." (Appellant's Reply Brief at 2).

{¶7} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶8}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a third-degree felony, gross sexual imposition carries a sanction of 12 to 60 months' imprisonment. R.C. 2907.05(A)(4), (C)(2) (Jan. 1, 2008) (current version at R.C. 2907.05(A)(4), (C)(2) (Mar. 22, 2019)); R.C. 2929.14(A)(3) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(3) (Mar. 22, 2019)).

**{¶9}** The trial court sentenced Magallanes to 60 months in prison on Count Two. As such, Magallanes's sentence falls within the statutory range. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *Nienberg* at ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶10}** "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making

restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B) (Sept. 30, 2011) (current version at R.C. 2929.11(B) (Oct. 29, 2018)). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A).

{¶11} Here, it is clear from the record that the trial court sentenced Magallanes after considering the purposes of felony sentencing set out in R.C. 2929.11(A) and the R.C. 2929.12(B)-(E) factors relating to the seriousness of Magallanes's conduct and the likelihood of his recidivism. At the sentencing hearing, the trial court stated that it "considered the principles and purposes of sentencing under R.C. 2929.11" and "balanced the seriousness and recidivism factors under 2929.12." (Sept. 14, 2018 Tr. at 36). Moreover, in its judgment entry of sentence, the trial court stated that it considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

(Doc. No. 51). *See Maggette* at ¶ 32 ("A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes."), citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶12} However, Magallanes contends that the trial court's decision to impose a 60-month sentence is unsupported by the record or otherwise contrary to law because of the "weakness of the State's case." Magallanes argues that although the State lacked sufficient evidence to secure a conviction at trial, because the "small risk of facing life imprisonment [was] outweighed by the certainty of facing a lesser sentence," he accepted the negotiated plea agreement to avoid the possibility of being convicted of rape. (Appellant's Brief at 5-7). "[Magallanes] does not argue that the plea was entered into unknowingly or involuntarily, but that the weakness of the State's case does not warrant a maximum term of incarceration." (Appellant's Reply Brief at 1-2).

{¶13} We find Magallanes's arguments to be without merit. Because Magallanes pleaded guilty to gross sexual imposition, the strength of the State's evidence against him is immaterial. "A plea of guilty is a complete admission of guilt." *State v. Kuhner*, 154 Ohio App.3d 457, 2003-Ohio-4631, ¶ 4 (3d Dist.), citing Crim.R. 11(B)(1). "'By entering a plea of guilty, the accused is not simply

stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.'" *State v. Kitzler*, 3d Dist. Wyandot No. 16-02-06, 2002-Ohio-5253, ¶ 12, quoting *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist.1991), quoting *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757 (1989).

**{¶14}** Moreover, it is questionable whether the strength of the State's case would ever be relevant to a trial court's determination of a defendant's sentence. In addition to those factors enumerated in R.C. 2929.12(B)-(F), the statute provides that trial courts "may consider any other factors that are relevant to achieving [the] purposes and principles of [felony] sentencing." R.C. 2929.12(A). While "strength of the State's evidence" is not a factor listed in R.C. 2929.12(B)-(F), Magallanes seems to suggest that the trial court should consider weaknesses in the State's case as an "other factor" militating toward imposing a more lenient sentence. However, by the time a trial court proceeds to sentence a defendant, the defendant has already been found guilty of a crime following either a guilty plea, a no contest plea, or a trial. Therefore, by the time a trial court is in a position to impose a sentence, the State's evidence has been deemed by the trier of fact to be sufficiently persuasive to support a conviction beyond a reasonable doubt or it has been made irrelevant to the determination of the defendant's guilt by operation of the defendant's guilty or no contest plea.

{¶15} Furthermore, Magallanes's sentence is supported by the record. It is undisputed that S.G. was four years old when her grandmother found her blood-soaked underwear which prompted concern among S.G.'s family. (PSI at 4-5). *See* R.C. 2929.12(B)(1). S.G. was examined by medical professionals specializing in sexual assault who came to the conclusion that S.G. sustained bruising and tearing to her vaginal area that was not self-inflicted or accidental. (PSI at 4, 16-17). S.G. identified Magallanes as the perpetrator and described Magallanes fondling and digitally penetrating her vaginal area while she sat on his lap. (*Id.* at 4-6). Moreover, Magallanes, who was in a relationship with S.G.'s mother at the time of the incident, was in a position of trust with the victim. *See* R.C. 2929.12(B)(6). In fact, S.G.'s mother testified that she was cooking dinner in the next room when the incident occurred and that S.G.'s two sisters, who were both minors, were also present in other parts of the home when the incident occurred. (Sept. 14, 2018 Tr. at 17-18). Additionally, Magallanes's friends and family members testified that he has been around "hundreds of kids" and was often in a position of trust or authority with the children, such as a coach. (*Id.* at 6-7).

{¶16} Moreover, the trial court heard testimony that immediately following the incident, Magallanes put his hands over S.G.'s mouth to keep her from screaming out in pain and whispered in her ear, "Don't tell anyone." (*Id.* at 26). The trial court also heard testimony that Magallanes followed S.G. around the house

on the evening of the incident to ensure that she would not tell her mother or sisters what Magallanes had done and engaged in intimidating contact with S.G., including pushing her down the stairs. (*Id.* at 26-27).

{¶17} At the sentencing hearing, the trial court also heard testimony regarding the ongoing physical, mental, and emotional effect the incident has had on S.G., including testimony that she will no longer sleep alone and "has become very emotional, angry, scared, worried, frustrated, and fearful." (*Id.* at 28). *See* R.C. 2929.12(B)(2). In addition to the continuing emotional and mental impact the incident has had on S.G., the trial court heard testimony that S.G. suffers from ongoing physical and gynecological issues, the full extent of which will not be known until S.G. undergoes puberty. (Sept. 14, 2018 Tr. at 31). S.G.'s mother described the impact of the incident on S.G. by stating that "[i]t has forever changed her life and taken her childhood away." (*Id.*).

{¶18} Finally, the record reflects that the trial court considered evidence suggesting that Magallanes is not likely to commit future crimes. At the sentencing hearing, Magallanes's family members and friends offered testimony of the strength of Magallanes's character and his kind and helpful nature. (*Id.* at 4-7). In addition, Magallanes made an expression of contrition at the sentencing hearing, stating "I would just like to say that, * * * for everybody involved[,] I apologize for the * * * whole situation and how everything has come together. * * * I have nothing but * *

* full remorse, and I apologize for anything following this situation." (*Id.* at 3-4). *See* R.C. 2929.12(E)(5). The record also suggests that Magallanes has a limited criminal history; however, Magallanes was convicted of violating a protection order related to the victim in the instant case. (Sept. 14, 2018 Tr. at 8-9, 13-14); (PSI at 20-21). *See* R.C. 2929.12(E)(3).

**{¶19}** Ultimately, "'[a] sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12,'" and here, the trial court afforded more weight to the aggravating factors presented than to the mitigating factors. *Smith*, 2015-Ohio-4225, at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

**{¶20}** In conclusion, the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Magallanes's sentence is within the statutory range. Therefore, there is not clear and convincing evidence that Magallanes's sentence is unsupported by the record or that his sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

**{¶21}** Magallanes's assignment of error is overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**