[Cite as *State v. Kirkman*, 2022-Ohio-4229.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 1-22-31

    v.

MCKENZIE KIRKMAN,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2021 0066

**Judgment Affirmed**

**Date of Decision: November 28, 2022**

APPEARANCES:

    *Chima R. Ekeh* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, McKenzie T. Kirkman, appeals the judgment of the Allen County Court of Common Pleas denying his motion to suppress all evidence obtained as the result of a traffic stop and subsequent search of his vehicle. Because Kirkman entered a guilty plea, we find the assignment of error not well taken.

{¶2} On March 12, 2021, the Allen County Grand Jury indicted Kirkman on four counts: Count One charged Kirkman with being a major drug offender for possessing cocaine in violation of R.C. 2925.11(A), a first-degree felony. Count Two charged a first-degree-felony violation of R.C. 2925.03(A), trafficking in cocaine. Count Three was an additional first-degree felony charge for possessing cocaine in violation of R.C. 2925.11(A). Count Four asserted a violation of R.C. 2923.13(A)(3), having weapons while under disability, a third-degree felony. Each of the first three counts contained numerous specifications. On March 19, 2022, Kirkman entered a written plea of not guilty to each count and specification contained in the indictment.

{¶3} On April 30, 2021, Kirkman filed two motions to suppress evidence. The first motion sought to suppress evidence from a traffic stop and subsequent search of Kirkman's vehicle by police on February 2, 2021. The second motion sought to suppress evidence obtained during a search of Kirkman's home pursuant

to a search warrant issued the same day as his arrest subsequent to the traffic stop. On May 10, 2021, the State filed responses to each of the suppression motions.

{¶4} The court held a hearing on the motions to suppress on October 13, 2021. Thereafter, the defendant filed a written supplement to his previously filed motions. In an entry filed on November 18, 2021, the trial court overruled both of Kirkman's motions to suppress.

{¶5} Pursuant to a negotiated plea agreement, on March 3, 2022, Kirkman entered guilty pleas to Count One as charged and Count Three reduced to a felony of the third degree. In addition, Kirkman admitted to a major-drug-offender specification, various additional specifications seeking the forfeiture of three parcels of real estate, and specifications for the forfeiture of cash money. In exchange for his guilty pleas, the State agreed to recommend dismissal of Counts Two and Four as well as all remaining specifications. Additionally, the State agreed to make no sentencing recommendation. The trial court accepted Kirkman's guilty pleas and found him guilty of Count One, Count Three, as amended, and the attendant specifications.

{¶6} At a sentencing hearing held on April 21, 2022, the trial court sentenced Kirkman to a mandatory minimum term of 11-16½ years in prison on Count One. On Count Three, the court imposed an additional non-mandatory 12 months in prison. Further, the trial court ordered the sentences to be served consecutively for

an aggregate prison term of 12-years minimum, up to a maximum of 17½ years. The trial court also ordered forfeiture of the several properties and cash money.

{¶7} On May 5, 2022, Kirkman filed his notice of appeal and now presents a single assignment of error, which reads:

> **The trial court erred in denying appellant's motion to suppress the evidence when the stop exceeded [the] scope and duration necessary to investigate and cite appellant for the traffic violations.**

{¶8} In his sole assignment of error, Kirkman claims the trial court erred in failing to suppress evidence stemming from the warrantless stop of his motor vehicle, the prolonged detention in order to procure a canine to conduct a sniff of the vehicle and the ultimate search of the vehicle.[1] In response, the State contends that by virtue of his plea of guilty Kirkman has waived his right to appeal the trial court's denial of his motion to suppress.

{¶9} "A plea of guilty is a complete admission of guilt." *State v. Kuhner,* 154 Ohio App.3d 457, 2003-Ohio-4631, ¶ 4 (3d Dist.), citing Crim.R. 11(B)(1). By entering a plea of guilty, the defendant is not simply stating that he did the acts described in the indictment; he is admitting guilt of a substantive crime. *State v. Magallanes,* 3d Dist. Seneca No. 13-18-34, 2019-Ohio-1284, ¶ 13 citing *State v. Kitzler,* 3d Dist. Wyandot No. 16-02-06, 2002-Ohio-5253, ¶ 12. "A defendant who

---

[1] Kirkman does not appeal the denial of his motion to suppress specifically relating to the search of his residence.

enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself." *Kuhner* at ¶ 4, citing *Ross v. Common Pleas Court of Auglaize Cty.,* 30 Ohio St.2d 323 (1972).

{¶10} At the change of plea hearing conducted on March 2, 2022, the prosecutor clearly recited the terms of the plea agreement between the State and Kirkman wherein Kirkman was to enter guilty pleas to Count One, the reduced charge in Count Three and the various specifications in exchange for the State reducing the charge in Count Three and seeking the dismissal of Counts Two, Four and any remaining specifications. The trial court made a thorough inquiry as required by Crim.R. 11 after which, counsel for Kirkman formally tendered a guilty plea on his client's behalf. Additionally, Kirkman signed a written negotiated plea of guilty, which is contained in the record. Importantly, Kirkman does not assign any error relating to the plea hearing or the voluntary, knowing and intelligent manner in which he entered his plea.

{¶11} Consequently, we find that by virtue of pleading guilty, Kirkman has waived his right to appeal the propriety of the trial court's denial of his motion to suppress. *See State v. Smith*, 3d Dist. Allen No. 1-04-06, 2004-Ohio-4004, ¶ 9. Kirkman's assignment of error is overruled.

{¶12} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/jlr**