THE STATE EX REL. MCDONALD, APPELLANT, *v.* MITROVICH, JUDGE, APPELLEE.

[Cite as *State ex rel. McDonald v. Mitrovich,*
113 Ohio St.3d 167, 2007-Ohio-1258.]

(No. 2006–1975—Submitted February 28, 2007—Decided April 4, 2007.)

———

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of mandamus to compel a trial court judge to vacate a judgment of conviction and sentence and set aside the inmate's guilty plea. Because the inmate had an adequate remedy at law to raise his claim and he has already unsuccessfully invoked these remedies, we affirm.

{¶2} In September 1997, appellant, Paul D. McDonald, a Canadian citizen, pleaded guilty to three counts of rape. The trial court did not advise McDonald that he could be deported if he pleaded guilty and was convicted. R.C. 2943.031(A). The trial court convicted McDonald and sentenced him to prison.

{¶3} McDonald subsequently filed a motion to withdraw his guilty plea in accordance with R.C. 2943.031, and in July 2002, the trial court denied the motion. McDonald did not appeal the court's decision.

{¶4} In March 2003, McDonald filed a motion to vacate or set aside the judgment and permit the withdrawal of his guilty plea pursuant to R.C. 2943.031. McDonald raised arguments substantially similar to the ones he raised in his previous motion. The trial court denied McDonald's second motion based on res judicata. On appeal, the court of appeals affirmed. *State v. McDonald*, Lake App. No. 2003–L–155, 2004-Ohio-6332, 2004 WL 2694945. We did not accept McDonald's further appeal for review. *State v. McDonald*, 105 Ohio St.3d 1500, 2005-Ohio-1666, 825 N.E.2d 623.

{¶5} In March 2006, McDonald filed a petition in the Court of Appeals for Lake County for a writ of mandamus to compel appellee, Lake County Court of Common Pleas Judge Paul H. Mitrovich, to vacate his judgment of conviction and sentence and to set aside McDonald's guilty plea pursuant to R.C. 2943.031. The court of appeals granted Judge Mitrovich's motion and dismissed the petition.

{¶6} McDonald asserts that the court of appeals erred in dismissing his mandamus petition. For the following reasons, McDonald's claim lacks merit.

{¶7} McDonald had an adequate remedy in the ordinary course of law to raise his R.C. 2943.031 claim. "Under R.C. 2943.031(D), a defendant who has not received the advisement required by R.C. 2943.031(A) may move to set aside the judgment and withdraw his guilty plea. This motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031(A)." *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719, 803 N.E.2d 813, ¶ 7.

{¶8} Moreover, because McDonald has already unsuccessfully invoked these alternate remedies, mandamus is not available to relitigate the same issue. *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51, ¶ 6. As the court of appeals correctly held, res judicata bars McDonald's successive attempt to raise his R.C. 2943.031 claim. *White*, 101 Ohio St.3d 212, 2004-Ohio-719, 803 N.E.2d 813, ¶ 8, citing *State ex rel. Carroll v. Corrigan* (2001), 91 Ohio St.3d 331, 332, 744 N.E.2d 771.

{¶9} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

Paul D. McDonald, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellee.