[Cite as *State ex rel. Powe v. Lanzinger*, 2019-Ohio-3086.]

STATE OF OHIO        )                 IN THE COURT OF APPEALS
                          )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO EX REL. ORLANDO
POWE

       Relator

       v.

THE HONORABLE JUDGE JILL
LANZINGER

       Respondent

C.A. No.      29373

ORIGINAL ACTION IN
MANDAMUS

Dated: July 31, 2019

PER CURIAM.

{¶1} Orlando Powe has petitioned this Court for a writ of mandamus to dismiss his judgment of conviction as void or grant the relief he requested in his petition, which appears to be resentencing on consecutive sentences. Respondent, Judge Jill Lanzinger, has moved to dismiss. Mr. Powe filed a response to the motion to dismiss along with a motion for additional time to file the response. That motion is granted, and the response is deemed timely filed. For the following reasons, this Court grants the motion to dismiss.

{¶2} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The petitioner must demonstrate all

three elements in order for this Court to grant the writ of mandamus. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶3} Mr. Powe's complaint alleges that he is entitled to a writ of mandamus for two reasons: (1) he was not charged by a complaint pursuant to Crim.R. 3, and (2) the trial court did not engage in fact-finding before imposing consecutive sentences pursuant to R.C. 2929.14(C). Mr. Powe set forth a history of his criminal proceedings, and post-judgment filings, in his complaint. He included that he raised the Crim.R. 3 issue in a motion in the trial court in 2017, followed by an appeal to this Court and, subsequently, to the Ohio Supreme Court.

{¶4} With respect to alleged legal errors, it is well-established that mandamus cannot be used as a substitute for appeal to challenge a trial court's actions. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11. Appeal from an adverse judgment constitutes an adequate remedy in the ordinary course of law. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, ¶ 5.

{¶5} Mr. Powe could have raised his claims in an appeal from the judgment of conviction. Any issues regarding a complaint could have been raised on appeal, but the charging instrument in this case was the indictment, not the complaint. *See, e.g., State v. Miles*, 3d Dist. Hancock No. 5-18-06, 2018-Ohio-3317, ¶ 11. Likewise, any alleged errors

about consecutive sentences could have also been raised on direct appeal. In other words, appeal provided an adequate remedy for both issues Mr. Powe presented in his petition. He also failed to allege that Judge Lanzinger owed any duty to him, as required for this Court to issue a writ of mandamus.

{¶6} Mr. Powe asserted in his complaint that he is now entitled to a writ of mandamus because he has exhausted his appellate remedies. Exhaustion of remedies is not a prerequisite to seeking a writ of mandamus. To the contrary, his assertion established that there were adequate remedies at law, making mandamus relief unavailable.

{¶7} For all of the foregoing reasons, the motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Powe. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ORLANDO POWE, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.