[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Reed*, Slip Opinion No. 2020-Ohio-4777.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4777

THE STATE EX REL. MARTRE, APPELLANT, *v*. REED, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Reed*, Slip Opinion No. 2020-Ohio-4777.]

*Mandamus—Appellant had adequate remedy in ordinary course of law—Court of appeals' dismissal of complaint affirmed.*

(No. 2020-0225—Submitted July 7, 2020—Decided October 6, 2020.)

APPEAL from the Court of Appeals for Allen County, No. 1-19-80.

_____

**Per Curiam.**

{¶ 1} Appellant, Derrick Martre, appeals the judgment of the Third District Court of Appeals dismissing his complaint for a writ of mandamus against Allen County Court of Common Pleas Judge Jeffrey L. Reed.  We affirm.

*The allegations in the complaint*

{¶ 2} On May 25, 2017, Martre was arrested on a charge of domestic violence.  Martre alleges that upon his arrest, a detective of the Toledo police

department seized and searched his cell phone. But in a supplemental crime report, the police claimed that the search had been conducted pursuant to a search warrant. According to Martre, he was charged with pandering based on data recovered from the phone.

{¶ 3} Martre initially pleaded no-contest but then sought to withdraw his plea. Martre alleges that at the hearing on his request to withdraw his plea, the trial court heard testimony that (1) Martre's counsel misinformed him of the facts and evidence before he decided to plead no-contest, (2) the police seized and searched the cell phone *before* they obtained the search warrant, and (3) the warrant was missing from the record and had not been disclosed during discovery. The trial court denied Martre's motion to withdraw his plea.

{¶ 4} The court of appeals affirmed. On August 1, 2019, Martre filed an application to reopen his appeal, based on his counsel's failure to seek inclusion of the warrant in the appellate record. The court of appeals denied the motion. Martre also filed three appeals in this court; we declined jurisdiction over two, *State v. Martre*, 157 Ohio St.3d 1523, 2019-Ohio-5327, 137 N.E.3d 103; *State v. Martre*, 157 Ohio St.3d 1535, 2020-Ohio-122, 137 N.E.3d 1208, and dismissed a third as untimely, *State v. Martre*, 157 Ohio St.3d 1509, 2019-Ohio-5193, 136 N.E.3d 497.

{¶ 5} Martre alleges that after his conviction, he obtained a copy of the search warrant and that it shows that the detective's testimony was false and that the warrant was defective. Martre has filed seven unsuccessful motions in the trial court, including motions to withdraw his plea, to supplement the record, to introduce new evidence, and for postconviction relief.

{¶ 6} On December 16, 2019, Martre filed an original action for a writ of mandamus in the court of appeals. In his prayer for relief, Martre asked that "[t]he certified search warrant be allowed as part of the record."[1] On February 4, 2020,

---

1. Martre also requested (1) an evidentiary hearing on the legality of the search warrant, (2) an order striking the supplemental crime report and other evidence from the record, and (3) an order vacating

the court of appeals granted Judge Reed's motion to dismiss the complaint. The court held that Martre had had an adequate remedy in the ordinary course of the law and that mandamus therefore would not issue: he could have raised the matter during the direct appeal of his conviction as well as in a petition to vacate his plea and conviction.

{¶ 7} Martre has timely appealed.

*Legal analysis*

{¶ 8} To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10.

{¶ 9} As his sole proposition of law, Martre argues that the court of appeals erred because it failed to construe the allegations in the light most favorable to him. He notes that Ohio is a notice-pleading state, and he asserts that his complaint alleged sufficient facts to show that he was entitled to have the search warrant added

his no-contest plea and conviction and remanding the case for trial. Martre's appeal does not address these requests.

3

to the record in his criminal case. But the issue is not whether the warrant should be part of the record; the issue is whether mandamus is the proper avenue by which to pursue this request.

{¶ 10} The court of appeals held that mandamus would not lie because Martre had an adequate remedy in the ordinary course of the law. Martre challenges this conclusion on three grounds.

{¶ 11} First, he argues that he has already exhausted all the remedies available to him. But "[e]xhaustion of remedies is not a prerequisite to seeking a writ of mandamus. To the contrary, [t]his assertion establishe[s] that there were adequate remedies at law, making mandamus relief unavailable." *State ex rel. Powe v. Lanzinger*, 9th Dist. Summit No. 29373, 2019-Ohio-3086, ¶ 6. Thus, when a relator "has already unsuccessfully invoked * * * alternate remedies, mandamus is not available to relitigate the same issue." *State ex rel. McDonald v. Mitrovich*, 113 Ohio St.3d 167, 2007-Ohio-1258, 863 N.E.2d 172, ¶ 8.

{¶ 12} Second, Martre suggests that it was improper for the court of appeals to conclude that he had an adequate remedy at law in the face of his allegation that he lacked an adequate remedy. However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988).

{¶ 13} Finally, Martre cites decisions of this court allowing parties to seek writs of mandamus to compel corrections to a trial record. *See, e.g.*, *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 120, 551 N.E.2d 183 (1990) (granting writ of mandamus ordering trial court to correct its journal to reflect fact that continuance was not granted at relator's request). But our more recent jurisprudence has clarified that App.R. 9(E) provides an adequate remedy for

correcting a record, thereby foreclosing mandamus relief.[2] *State ex rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 6; *see also State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 17, 661 N.E.2d 170 (1996) (limiting *Worcester* to its facts).

{¶ 14} For these reasons, the court of appeals was correct to dismiss Martre's complaint.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Derrick Martre, pro se.

Juergen A. Waldick, Allen County Prosecuting Attorney, and Jana E. Emerick, Assistant Prosecuting Attorney, for appellee.

_____

---

2. App.R. 9(E) sets forth a procedure for resolving certain disputes concerning the appellate record and provides that "[a]ll other questions as to the form and content of the record shall be presented to the court of appeals."