[Cite as *Bodnar v. Regional Income Tax Agency*, 2021-Ohio-1655.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

TETYANA BODNAR,                          :

    Plaintiff-Appellant,            :

                                                         No. 109715

    v.                              :

REGIONAL INCOME TAX AGENCY,              :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 13, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-925019

---

### *Appearances:*

Law Office of George W. Cochran and George W. Cochran,
*for appellant.*

Amy L. Arrighi and Amber Greenleaf Duber, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Tetyana Bodnar appeals the judgment of the Cuyahoga County Court of Common Pleas dismissing her complaint for declaratory judgment against defendant Regional Income Tax Agency ("RITA") on the basis of failing to present a justiciable issue. We affirm.

**Background**

{¶ 2} This case stems from Bodnar's failure to estimate her 2019 self-employment tax liability as part of her 2018 Streetsboro municipal income taxes. More specifically, it arose in response to RITA's providing an estimation of her 2019 tax liability in response to her failure to provide her own estimate. Bodnar sought a declaratory judgment pursuant to R.C. 2721.03 that RITA is statutorily precluded from estimating current-year tax liability for a taxpayer who fails to report his or her own estimate.

{¶ 3} According to Bodnar's amended complaint, she resided in Streetsboro, Ohio, a municipality for which RITA served as the tax administrator. In 2018, Bodnar "worked for a local hospital as a full-time resident in psychiatry," and "periodically supplemented her W-2 income as an independent contractor by serving the night shift in the hospital's psychiatry unit." Bodnar timely filed her 2018 municipal income tax return with RITA, "prepared on Form 37, as prescribed by RITA," however she left line 20a blank, providing no estimate of her 2019 municipal tax liability pertaining to self-employment.

{¶ 4} Form 37 at line 20a prompts "an individual reporting taxable income from self-employment in the prior year" to "declare his [or her] estimated taxes for the current taxable year." Immediately below line 20a the form provides:

> If your estimated tax liability is $200 or more, you are required to make quarterly payments of the anticipated tax due. If your estimated tax payments are not 90 percent of the tax due or not equal to or greater than your prior year's total tax liability, you may be subject to penalty and interest. You may use the amount on Line 12 as your estimate or

use Worksheet 2 in the instructions to calculate your estimate. Note: If Line 20a is left blank, RITA will calculate your estimate.

**{¶ 5}** Where a taxpayer leaves line 20a blank, RITA determines the estimated tax for the current year based on that person's self-employment taxes for the previous year.[1]

**{¶ 6}** As stated, Bodnar failed to provide her estimated 2019 tax liability as prompted by line 20a. Accordingly, RITA calculated the estimate for her, determining the amount to be $943, the same as her 2018 self-employment tax liability. Bodnar did not seek to amend her estimated 2019 tax liability and she has not submitted any payment towards the estimated amount due.

**{¶ 7}** Instead, Bodnar filed a complaint against RITA, initially seeking an injunction to prevent RITA from collecting any estimated tax payments related to her 2019 taxes as well as a declaratory judgment that RITA misinterpreted and misapplied the law pertaining to her estimated municipal income tax. Bodnar amended her complaint, abandoning her claim for injunctive relief. As reflected in the amended complaint, Bodnar sought only a judicial determination that RITA may not estimate municipal income taxes due from self-employment where the taxpayer does not provide the estimate herself, and further, that RITA does not have the authority to collect any such tax or charge any interest or penalty following a taxpayer's failure to pay it.

---

[1] Attached to the original complaint is a RITA billing statement that in relevant part provides: "[y]ou may amend your estimated tax at any time throughout the year."

**{¶ 8}** RITA moved for dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. The trial court granted the motion, finding Bodnar's amended complaint "does not present a justiciable issue between plaintiff and defendant for which declaratory relief is available" stating:

> The "dispute" in this action is manufactured by plaintiff, and is not a real, actual controversy. Given the clear wording of RITA Form 37, Plaintiff's decision not to include estimated taxes for 2019 — even if those estimated taxes were $0 — gave implied consent to RITA to estimate them for her.

The court dismissed the case with prejudice.

**Assignments of Error**

**{¶ 9}** On appeal, Bodnar asserts three assignments of error:

1. In finding Bodnar impliedly consented to RITA's declaration of her estimated taxes from self-employment, the trial court committed prejudicial error by applying the wrong legal standard and relying on clearly erroneous facts in order to justify dismissing Bodnar's complaint under Civ.R. 12(B)(6).

2. In finding Bodnar could have amended RITA's declaration of estimated taxes, the trial court committed prejudicial error by applying the wrong legal standard and relying on clearly erroneous facts in order to justify dismissing Bodnar's complaint under Civ.R. 12(B)(6).

3. In finding no justiciable controversy remains, the trial court committed prejudicial error by applying the wrong legal standard and relying on clearly erroneous facts in order to justify dismissing Bodnar's complaint under Civ.R. 12(B)(6).

We address and dispose of these assignments of error together because they are interrelated and fail for the same reasons.

**Analysis**

{¶ 10} "In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we accept as true all factual allegations in the complaint." *Lunsford v. Sterilite of Ohio, L.L.C.*, Slip Opinion No. 2020-Ohio-4193, ¶ 22, quoting *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). "However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, 162 N.E.3d 773, ¶ 12, citing *Mitchell* at 193. "A complaint should not be dismissed unless it appears 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" *Id.*, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶ 11} In general, an appellate court reviews de novo a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss. *Stewart v. Woods Cove II, L.L.C.*, 2017-Ohio-8314, 99 N.E.3d 956, ¶ 13 (8th Dist.). However, when a trial court resolves a declaratory-judgment action by determining that there is no justiciable controversy, we review for abuse of discretion. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13 ("[W]e reiterate that the abuse-of-discretion standard applies to the review of a trial court's holding regarding justiciability.").

{¶ 12} An abuse of discretion connotes more than an error of law or judgment; it implies that the court's action was unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, N.E.2d 1140 (1983).

{¶ 13} "The three prerequisites to declaratory relief include '(1) a real controversy between the parties, (2) justiciability, and (3) the necessity of speedy relief to preserve the parties' rights.'" *Ohioans for Concealed Carry, Inc. v. Columbus*, Slip Opinion No. 2020-Ohio-6724, ¶ 30, quoting *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101. "Courts have the duty to ensure that plaintiffs plead these elements for purposes of declaratory-judgment actions and that the complaint sufficiently avers injury, causation, and redressability. * * * If a party fails to establish any of the necessary showings to bring the claims, the judge must dismiss the cause." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 49.

{¶ 14} The Supreme Court has observed that not every case is appropriate for a declaratory-judgment action:

> Although broad in scope, the declaratory judgment statutes are not without limitation. Most significantly, in keeping with the long-standing tradition that a court does not render advisory opinions, they allow the filing of a declaratory judgment only to decide "an actual controversy, the resolution of which will confer certain rights or status upon the litigants."

*Arnott* at ¶ 10, quoting *Mid-American Fire & Cas. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9.

{¶ 15} Here, as Bodnar alleged in her amended complaint, for the 2018 tax year, she completed and submitted RITA Form 37, without declaring her estimated

2019 self-employment taxes as prompted by line 20a. As Form 37 makes clear by its own terms, "[i]f Line 20a is left blank, RITA will calculate your estimate." By submitting Form 37 while choosing to leave line 20a blank, Bodnar thus consented to RITA estimating the tax for her.

{¶ 16} As such, there is no actual controversy in this case. Bodnar is obligated to pay municipal income tax on her 2019 income from self-employment regardless of whether she or RITA estimates the amount due. Moreover, by submitting Form 37 she consented to RITA supplying the estimated amount when she did not do so herself. The trial court did not abuse its discretion by dismissing Bodnar's complaint.

{¶ 17} Nevertheless, we note that Bodnar's claims on the merits are dubious at best. She claims that both R.C. 718.08(B)(1) and Streetsboro Municipal Code 182.07(B)(1), in mandating that a taxpayer estimate his or her taxes for the current year, proscribe RITA from supplying such an estimate in the event that the taxpayer fails to do so.

{¶ 18} A plain reading of the statutory language simply fails to support this conclusion. R.C. 718.08(B)(1) provides that unless waived by the tax administrator, "every taxpayer shall make a declaration of estimated taxes for the current taxable year, on the form prescribed by the tax administrator, if the amount payable as estimated taxes is at least two hundred dollars." Similarly, Streetsboro Municipal Code 182.07(B)(1) provides that "[e]very taxpayer shall make a declaration of estimated taxes for the current taxable year, on the form prescribed by the Tax

Administrator, if the amount payable as estimated taxes is at least $200." The requirement that a taxpayer estimate his or her income says nothing of corrective actions the tax administrator may take in response to such inaction.

{¶ 19} This point is further illustrated by a broader view of the statutory scheme. Ohio municipalities are empowered to levy and collect income tax absent preemption by the General Assembly. *Angell v. Toledo*, 153 Ohio St. 179, 179, 91 N.E.2d 250 (1950), paragraph one of the syllabus. The Supreme Court has explained that a municipality's power to tax is "plenary," although nevertheless subject to the General Assembly's authority to "impose specific limits on that power." *Panther II Transp., Inc. v. Seville Bd. of Income Tax Rev.*, 138 Ohio St.3d 495, 2014-Ohio-1011, 8 N.E.3d 904, ¶ 11, citing *Cincinnati Bell Tel. Co. v. Cincinnati*, 81 Ohio St.3d 599, 602, 693 N.E.2d 212 (1998). Moreover, the Supreme Court has held that "the state's power to preempt must be exercised by express provision." *Id.*, citing *Cincinnati Bell* at 605 ("[W]e will not imply a preemption merely by virtue of the state's entering a particular area of taxation itself.").

{¶ 20} Bodnar has failed to identify any specific limitation imposed by the General Assembly or express provision that prevents RITA from estimating her municipal income tax liability for the current year where she failed to do so herself.

{¶ 21} We overrule the assignments of error.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR