[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shine v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2022-Ohio-3624.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3624

THE STATE EX REL. SHINE, APPELLANT, *v*. OHIO DEPARTMENT OF

REHABILITATION AND CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shine v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2022-Ohio-3624.]

*Mandamus—Inmate lacked a clear legal right to have his second parole hearing take place four years sooner than the time provided in Ohio Adm.Code 5120:1-1-10(B)(2)—Court of appeals' dismissal of complaint for failure to state a claim upon which relief can be granted affirmed.*

(No. 2022-0063—Submitted August 2, 2022—Decided October 13, 2022.)

APPEAL from the Court of Appeals for Franklin County, No. 21AP-163,

2021-Ohio-4459.

_____

**Per Curiam.**

{¶ 1} Appellant, Michael Shine, a prison inmate, was denied parole in May 2018. He sought a writ of mandamus ordering appellee, the Ohio Department of

Rehabilitation and Correction ("DRC"), to reschedule his next parole hearing for a date four years earlier than the March 2028 date set by the parole board because, he claims, his first parole hearing was four years too late. The Tenth District Court of Appeals dismissed Shine's complaint for failure to state a claim upon which mandamus relief can be granted. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** Shine pleaded guilty to federal crimes in the United States District Court for the Northern District of Ohio and was sentenced on July 28, 1999, to 262 months in federal prison, with credit for time served. On August 6, 1999, Shine was convicted in the Cuyahoga County Court of Common Pleas of murder and attempted murder, and for those offenses, he was sentenced to 15 years to life in prison. The state court ordered Shine's sentence to run concurrently with his federal sentence. Shine was in the custody of the Federal Bureau of Prisons from September 17, 1999, until November 2, 2017, when he was transferred to DRC's custody.

**{¶ 3}** DRC held Shine's first parole hearing on May 17, 2018. Before scheduling the hearing, the parole board had determined that February 2018 was Shine's first statutory parole-eligibility date. The parole board denied Shine parole after the May 17 hearing and scheduled his next parole hearing for March 2028.

**{¶ 4}** Shine commenced this mandamus action in the court of appeals in April 2021. He alleges that the parole board erroneously determined that February 2018 was the date of his first eligibility for parole. Because his minimum term of incarceration for the state convictions was 15 years, Shine contends that he was eligible for his first parole hearing in 2014. Thus, according to Shine, his first parole hearing held on May 17, 2018, was almost four years after his initial eligibility for parole and was therefore untimely under Ohio Adm.Code 5120:1-1-10(A). Shine sought a writ of mandamus to order DRC to modify the date of his next parole hearing "so that it is no more than ten (10) years from the date at which

he was first eligible." In other words, Shine requested a writ compelling DRC to hold the second parole hearing no later than May 2024.

{¶ 5} DRC filed a motion to dismiss Shine's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Shine opposed the motion. The court of appeals referred the case to a magistrate, who recommended granting DRC's motion to dismiss. The magistrate determined that DRC did not have a legal duty to hold a parole hearing at Shine's first eligibility date in 2014, because he was in federal custody at that time. The magistrate further determined that Shine did not have a clear legal right to have his second parole hearing held sooner than ten years after the date of his first hearing.

{¶ 6} Shine filed objections to the magistrate's decision. In reviewing the objections, the court of appeals did not find it necessary to reach the question whether DRC had a clear legal duty to hold Shine's first parole hearing in 2014 while Shine was in federal custody. 2021-Ohio-4459, ¶ 6. Rather, the court overruled Shine's objections because he had "not demonstrate[d] he has a clear legal right to have his *next* parole eligibility hearing occur less than ten years after the date of his first hearing." (Emphasis sic.) *Id.* The court found that under the plain language of Ohio Adm.Code 5120:1-1-10(B)(2), "the only clear legal right Shine has * * * is for the parole board to set a time for his next eligibility hearing and for that time to be not more than ten years after [his first hearing]." 2021-Ohio-4459 at ¶ 7. Accordingly, the court overruled Shine's objections and granted DRC's motion to dismiss. *Id.* at ¶ 9.

{¶ 7} Shine has appealed to this court as of right.

## ANALYSIS

{¶ 8} To obtain a writ of mandamus, Shine must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of DRC to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24.

This court reviews de novo a court of appeals' decision granting a motion to dismiss a mandamus action under Civ.R. 12(B)(6). *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, 162 N.E.3d 773, ¶ 8.

{¶ 9} R.C. 2967.13(A)(1) provides that an offender sentenced to life imprisonment for murder is eligible for parole "at the expiration of the prisoner's minimum term," which in Shine's case is 15 years. In furtherance of the statute, Ohio Adm.Code 5120:1-1-10(A) provides that the initial hearing for a parole-eligible inmate "shall be held on or about the date when the prisoner becomes eligible for parole." Despite what Shine calls the "clear and compelling instructions" of the statute and administrative code, Shine contends that the first parole hearing held for him in May 2018 was nearly four years too late. And even though Shine concedes that no relief could remedy the untimely parole hearing four years ago, he contends that relief can be granted "by deducting the four-year delay from the ten-year term Mr. Shine must wait until his second parole hearing." Thus, he argues that the court of appeals erroneously dismissed his mandamus complaint.

{¶ 10} Shine's argument is without merit. As he acknowledges, Ohio Adm.Code 5120:1-1-10(B)(2) states that when parole is denied, the time until the next hearing "shall not be more than ten years after the date of the hearing." In this case, Shine was denied parole following a hearing held on May 17, 2018, and his next parole hearing has been scheduled for March 2028. This time frame comports with Ohio Adm.Code 5120:1-1-10(B)(2).

{¶ 11} As the court of appeals correctly noted, the crux of Shine's argument is that his second parole hearing should take place four years earlier than currently scheduled because his initial parole hearing was four years too late. *See* 2021-Ohio-4459 at ¶ 8. But even if we assume that Shine's first parole hearing *was* four years late—an issue we need not decide—that fact would not give him a clear legal right to have his *second* parole hearing take place four years sooner than the time provided in Ohio Adm.Code 5120:1-1-10(B)(2). Shine cites no statute or

administrative regulation that would compel DRC to schedule his second parole hearing any sooner than ten years after his first.

{¶ 12} For these reasons, the court of appeals correctly dismissed Shine's complaint for failure to state a valid claim for mandamus relief.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DeWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Patituce & Associates, L.L.C., Joseph C. Patituce, and Megan M. Patituce, for appellant.

Dave Yost, Attorney General, and Salvatore P. Messina and Kelly Becker, Assistant Attorneys General, for appellee.

————————————