**[Cite as *Buckley v. Croghan Colonial Bank*, 2022-Ohio-3684.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Geri A. Buckley

      Appellant

v.

Croghan Colonial Bank

      Appellee

Court of Appeals No.  L-22-1103

Trial Court No.  CVF-21-13804

**DECISION AND JUDGMENT**

Decided:  October 14, 2022

* * * * *

Thomas P. Goodwin, for appellant.

Mark R. Tantari, for appellee.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1} Appellant, Geri Buckley, appeals the judgment of the Toledo Municipal Court, dismissing her claim against appellee, Croghan Colonial Bank, for damages arising out of her alleged overpayment of private mortgage insurance (PMI).  For the following reasons, we affirm.

## A.      Facts and Procedural Background

{¶ 2} On October 22, 2021, appellant filed a complaint with the trial court, in which she sought damages from appellee in the amount of $6,000 for PMI premium payments that she made to appellee based upon appellee's reliance upon an allegedly defective appraisal of her home's value.  In its entirety, appellant's complaint alleged the following:

Plaintiff's mortgage loan was obtained by Defendant from Plaintiff's prior lender.  In 2018 Plaintiff initiated a request to terminate Private Mortgage Insurance (PMI).  Defendant obtained an appraisal of Plaintiff's property that included two comparable properties that were in Toledo Public School District, although Plaintiff's property is located in Maumee City School District.

As their customer, Defendant owed Plaintiff a duty to act in her best interests and correct errors in the appraisal report.  Despite Plaintiff's requests, Defendant did not correct the errors and relied on the defective appraisal to deny the request to terminate PMI.

Plaintiff paid $6,124.80 in PMI that she should not have had to pay had Defendant not breached its duty to her.  Plaintiff additionally paid $460.00 for the defective appraisal.  Plaintiff requests damages of $6,000.00 plus $55.00 Court costs.

2.

{¶ 3} In response to appellant's complaint, appellee filed a motion to dismiss under Civ.R. 12(B)(6) on February 14, 2022. In its motion, appellee argued that it had no duty to correct errors in the appraisal report that was prepared by an independent, third-party appraiser. Further, appellee contended that any such action on its part would have constituted a violation of 15 U.S.C. 1639e, which prohibits a lender from interfering with a property appraiser's independence. Thus, appellee insisted that "the only person(s) or parties that had authority to change or modify the appraisal, or to correct any perceived errors therein, are the person that performed that appraisal and the appraisal company that employs him."

{¶ 4} Three days after appellee filed its motion, on February 22, 2019, appellant filed her memorandum in opposition. In her memorandum, appellant addressed appellee's assertion that its compliance with her request to correct the defects in the appraisal report would constitute a violation of federal law. In particular, appellant cited 15 U.S.C. 1639e(c) and argued that a lender like appellee is expressly permitted thereunder to ask an appraiser to consider additional, appropriate property information and to otherwise correct errors in an appraisal report. Further, appellant insisted that appellee had a duty to correct the alleged errors in light of appellee's website, which allegedly "states that it is 'dedicated to the financial well-being of their customers.'"

{¶ 5} Upon consideration of the parties' arguments, the trial court issued its decision on March 28, 2022. In its decision, the court assumed as true the factual

3.

allegations contained in the complaint, including (1) the allegation that the appraisal was defective because two out of the three comparable properties were located in a different school district than the subject property, and (2) the allegation that appellee's website contained a statement of appellee's dedication to the financial well-being of its customers. Notably, the second allegation assumed to be true by the trial court does not appear in appellant's complaint, but was made for the first time by appellant in her memorandum in opposition to appellee's motion. After indicating the facts it assumed as true, the court then identified the issue as "whether [appellee] had a duty to [appellant] to correct the appraisal report or cause the appraiser to correct the appraisal report."

{¶ 6} In analyzing this issue, the court began by examining the language of 15 U.S.C. 1639e(c) and observing that the statute "allows exceptions for correcting appraisals, but does not make it a duty of the lender bank to correct the appraisal or guarantee the accuracy of the appraisal." The court further observed that the list of who may ask an appraiser to reconsider a property's valuation under 15 U.S.C. 1639e(c) includes the consumer, or appellant in this case. The court went on to state that it "is aware of no rule that an appraisal is automatically defective because it includes properties from different school districts," and "is aware of no duty imposed on a bank to guarantee the accuracy of the appraisal." Finally, the trial court rejected appellant's attempt to establish appellee's duty based upon the statement from appellee's website, which the court characterized as a "marketing slogan."

4.

**{¶ 7}** In sum, the trial court found that appellant's complaint failed to establish any legal duty owed by appellee to correct the allegedly defective independent appraisal. On that basis, the trial court granted appellee's motion to dismiss. Thereafter, on April 27, 2022, appellant filed her timely notice of appeal.

## B.    Assignments of Error

**{¶ 8}** On appeal, appellant assigns the following error for our review:

> The trial court erred in granting Defendant's Motion to Dismiss, by ruling that Appellee owed no legal duty to correct a defective appraisal or cause the appraiser to correct a defective appraisal.

## II.    Analysis

**{¶ 9}** In appellant's sole assignment of error, she argues that the trial court erred in granting appellee's motion to dismiss.

**{¶ 10}** A motion to dismiss under Civ.R. 12(B)(6) is procedural in nature and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). For a trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no facts that would entitle the plaintiff to the requested relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). In deciding whether a motion to dismiss

5.

should be granted, the reviewing court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.* "However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, 162 N.E.3d 773, ¶ 12, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988).

{¶ 11} On appeal, we review a trial court's dismissal under Civ.R. 12(B)(6) de novo and thus without deference to the trial court's decision. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 12} Here, appellant's complaint alleges that (1) she requested the termination of her PMI with appellee in 2018, (2) appellee obtained an appraisal to facilitate her request, (3) the appraisal included two properties that were in a different school district than her property, (4) she asked appellee to correct the error in the appraisal report, (5) appellee nonetheless "relied on the defective appraisal to deny the request to terminate PMI," and (6) as a result, appellant reportedly paid $6,124.80 in unnecessary PMI expenses, plus another $460 for the appraisal that was allegedly defective. Assuming these facts to be true, as we must in reviewing a motion to dismiss under Civ.R. 12(B)(6), we agree with the trial court that appellant's complaint fails to show that appellee had a duty to correct the appraisal and thus it was properly dismissed.

6.

{¶ 13} "A 'duty' is an obligation imposed by law on one person to act for the benefit of another person due to the relationship between them." *Berdyck v. Shinde*, 66 Ohio St.3d 573, 578, 613 N.E.2d 1014 (1993). Taken together, the facts alleged by appellant in her complaint establish that appellee refused to seek a modification of the appraisal after appellant made it aware of the fact that two of the properties used in the appraisal were located in a different school district than appellant's property. Assuming this rendered the appraisal inherently defective and unreliable as a measure of the value of her home for purposes of PMI, appellant still needed to demonstrate that appellee had a legal obligation to correct the defect. Appellant's complaint contains nothing more than a conclusory statement to this effect, wherein she alleges that "Defendant owed Plaintiff a duty to act in her best interests and correct errors in the appraisal report." Of course, we do not presume this unsupported legal conclusion is true in our Civ.R. 12(B)(6) review. *Reed* at ¶ 12.

{¶ 14} In an attempt to buttress her legal conclusion as to duty and avoid dismissal of her complaint, appellant offered two arguments in her memorandum in opposition to appellee's motion to dismiss. First, appellant argued that appellee had an obligation under 15 U.S.C. 1639e(c) to ask the appraiser to consider additional, appropriate property information and to otherwise correct errors in an appraisal report. But our review of that statute unearths no such duty. Indeed, the statute provides:

7.

The requirements of subsection (b) shall not be construed as prohibiting a mortgage lender, mortgage broker, mortgage banker, real estate broker, appraisal management company, employee of an appraisal management company, consumer, or any other person with an interest in a real estate transaction from asking an appraiser to undertake 1 or more of the following:

(1) Consider additional, appropriate property information, including the consideration of additional comparable properties to make or support an appraisal.

(2) Provide further detail, substantiation, or explanation for the appraiser's value conclusion.

(3) Correct errors in the appraisal report.

{¶ 15} While the foregoing statute provides an *allowance* for many interested parties, including the consumer, to ask an appraiser to correct an allegedly defective appraisal, it does not obligate a lender like appellee to do so. The language is that of permission, not duty.[1]

---

[1] In its brief to this court, appellee states that it did, in fact, "ask the appraiser to review and consider additional comparable properties relative to his appraisal and the [it] forwarded a list of comparable properties to the appraiser that [it] received from Appellant." Thus, even assuming it had a duty to correct the allegedly defective appraisal, appellee insists that it fulfilled any such duty by complying with appellant's request and seeking additional appraiser review. Because these additional facts are not

8.

**{¶ 16}** Second, appellant insisted that appellee had a duty to correct the alleged errors in light of appellee's website, which allegedly "states that it is 'dedicated to the financial well-being of their customers.'" As to this argument, we observe that a court may not rely on allegations or evidence outside the complaint when reviewing a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Here, appellant did not make any factual allegations in her complaint that would support the existence of a duty arising out of statements contained on appellee's website. Indeed, there is no mention of appellee's website in the complaint whatsoever. Thus, we may not consider any evidence concerning appellee's website, and appellant's reliance upon such evidence to establish a duty in this case is unavailing.[2]

**{¶ 17}** On appeal, appellant offers an additional argument concerning duty. In her brief, appellant argues that appellee's duty arises out of its obligation to "exercise ordinary care and good faith." According to appellant, this duty includes the obligation to "correct bank errors and mistakes." Appellant insists that appellee "made an error by

asserted in appellant's complaint or contained anywhere else in the trial record, they are not properly before this court and we will not consider them.

[2] We note that while the trial court correctly articulated the standard that governed its review of appellee's Civ.R. 12(B)(6) motion, it nonetheless proceeded to ascertain whether the statement from appellee's website created a duty. As already noted, this statement was not referenced in the complaint and thus the trial court erred in considering it. Although erroneous, the trial court's consideration of the website language was harmless in light of its ultimate conclusion that such language constituted a mere marketing slogan and did not create a legal duty. Moreover, our review is de novo in this case, and thus we are not constrained by the trial court's legal analysis below.

9.

accepting a defective appraisal that cost [her] over $6,000," and owed her a duty to correct that error consistent with its "federal authority to correct the mistake." Appellant offers no legal support for this application of the generic legal duty of ordinary care and good faith. Moreover, the federal authority appellant relies upon does not impose a duty on appellee and provides her with her own recourse to correct an appraisal she believes to be defective. Notably, appellant's complaint is silent as to whether she ever apprised herself of her right to seek redress directly from the appraiser. In any event, appellant's argument falls short of demonstrating that appellee had a duty to correct the appraisal.

{¶ 18} In sum, we find that appellant's is subject to dismissal under Civ.R. 12(B)(6), because it fails to establish that appellee breached a legal duty owed to her when it refused to seek modification of the appraisal upon her request. Accordingly, we find appellant's sole assignment of error not well-taken.

### III. Conclusion

{¶ 19} In light of the foregoing, the judgment of the Toledo Municipal Court is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____

                                                                   JUDGE

Thomas J. Osowik, J.           

                                                                   _____

Gene A. Zmuda, J.                                                   JUDGE
CONCUR.

                                                                     _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.