[Cite as *State ex rel. Villareal v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-3402.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Luis E. Villareal, | : | |
| Relator, | : | |
| v. | : | No. 21AP-621 |
| [Ohio Department of Rehabilitation and Correction et al.], | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on September 27, 2022

**On brief:** *Luis E. Villareal*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondents Ohio Department of Rehabilitation and Correction, and the Ohio Bureau of Sentence Computation.

IN MANDAMUS

DORRIAN, J.

{¶ 1} In this original action, relator, Luis E. Villareal, requests a writ of mandamus ordering respondents Ohio Department of Rehabilitation and Correction, and the Ohio Bureau of Sentence Computation to correct their computation of his jail-time credit. On January 25, 2022, respondents filed a motion to dismiss this action.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondents' motion to dismiss and dismiss this action.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, respondents' motion to dismiss is granted, and relator's complaint for a writ of mandamus is dismissed.

*Action dismissed.*

BEATTY BLUNT and JAMISON, JJ., concur.

———————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Luis E. Villareal, | : | |
| Relator, | : | |
| v. | : | No. 21AP-621 |
| [Ohio Department of Rehabilitation and Correction et al.], | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 23, 2022

*Luis E. Villareal*, pro se.

*Dave Yost,* Attorney General, and *George Horvath*, for respondents.

IN MANDAMUS
ON MOTION TO DISMISS

{¶ 5} Relator, Luis E. Villareal, has filed this original action requesting that this court issue a writ of mandamus ordering respondents, Ohio Department of Rehabilitation and Correction ("ODRC") and Ohio Bureau of Sentence Computation ("bureau"), to correct their computation of his jail-time credit. Respondents have filed a January 25, 2022, motion to dismiss as moot.

Findings of Fact:

{¶ 6} 1. Relator is an inmate incarcerated at Noble Correctional Institution.

{¶ 7} 2. ODRC and the bureau are governmental agencies responsible for computing release dates for Ohio inmates.

{¶ 8} 3. In Franklin C.P. No. 19CR-2311, relator received a three-year prison sentence for drug trafficking, with a stipulated jail-time credit of 587 days and jail-time credit for any additional jail time served while awaiting conveyance to the institution. In Franklin C.P. No. 18CR-3059, relator received an 11-year prison sentence for engaging in corrupt acts, and an 11-year prison sentence for drug trafficking, with a stipulated jail-time credit of 587 days and jail-time credit for any additional jail time served while awaiting conveyance to the institution. The two 11-year prison sentences in case No. 18CR-3059 were ordered to run concurrently to each other and consecutively to the 3-year prison sentence in case No. 19CR-2311, for an aggregate prison term of 14 years.

{¶ 9} 4. In both case Nos. 19CR-2311 and 18CR-3059, ODRC filed a December 23, 2021, notice of calculation of sentence. The notice indicated: in case No. 19CR-2311, for the drug trafficking conviction, relator received jail-time credit of 587 days; in case No. 18CR-3059, for the engaging in corrupt acts conviction, relator received jail-time credit of 597 days; and in case No. 18CR-3059, for the drug trafficking conviction, relator received jail-time credit of 597 days.

{¶ 10} 5. On November 24, 2021, relator filed the instant mandamus action asking this court to order respondents to correct their computation of his jail-time credit. He filed an amended complaint on November 29, 2021. In his complaints, he asserts that, pursuant to R.C. 2967.191, respondents had a clear legal duty to reduce his mandatory 3-year prison term in case No. 19CR-2311 by 587 days of jail-time credit and 10 additional days of jailtime he served while awaiting conveyance to the institution, for a total of 597 days of jail-time credit.

{¶ 11} 6. On January 25, 2022, respondents filed a motion to dismiss as moot pursuant to Civ.R. 12(B)(6), arguing that the record already reflects that relator was credited with 597 days of jail credit for the convictions in case No. 18CR-3059, which were to run concurrently to each other and consecutively to case No. 19CR-2311.

{¶ 12} 7. On February 7, 2022, relator filed a memorandum contra, conceding that the trial court properly credited him with 587 days of jail-time credit in case No. 19CR-2311, but has still failed to credit him with the additional 10 days of jail-time credit in that case.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court grant respondents' motion to dismiss relator's complaint.

{¶ 14} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 15} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551,¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 16} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 17} In the present case, respondents argue that the bureau properly calculated jail time and conveyance time, and relator's inmate record properly reflects the correct jail-

time credit in each case, as ordered by the trial court. Respondents assert that based upon guidelines for jail-time credit for consecutive sentences in place at the time of relator's conviction, relator had zero days of jail credit applied, and duplicate jail credit could not be applied. Respondents point out that relator's sentence is a mandatory 14 years of imprisonment with 597 days of credit applied, and the record properly reflects this status.

{¶ 18} The evidence in the trial court record relied upon by respondents is clear. Relator has received 597 days of jail-time credit in case No. 18CR-3509, and the sentences in that case are to run consecutively to the sentence in case No. 19CR-2311. Relator's concern appears to be based on the fact that the notice of sentence calculation indicates only 587 days of jail credit for case No. 19CR-2311. However, respondents have provided an adequate explanation of how they calculated relator's jail-time credit. Relator fails to provide any argument as to why such explanation is erroneous, and his complaint fails to indicate any basis for his claim. Relator relies only upon his unsupported legal conclusion that respondents have wrongly calculated his jail-time credit, which is insufficient to withstand respondents' Civ.R. 12(B)(6) motion. *Allstate Ins. Co. v. Electrolux Home Prods.*, 8th Dist. No. 97065, 2012-Ohio-90, ¶ 15 (plaintiff's unsupported legal conclusions in its complaint cannot survive a Civ.R. 12(B)(6) motion to dismiss). *See also State ex rel. Duncan v. Am. Transm. Sys.*, 166 Ohio St.3d 416, 2022-Ohio-323, ¶ 10, quoting *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, ¶ 12 (unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss); *Becker v. Cardinal Health, Inc.*, 10th Dist. No. 20AP-424, 2021-Ohio-3804, ¶ 13, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.) (a court need not accept as true unsupported legal conclusions in a complaint when deciding a Civ.R. 12(B)(6) motion to dismiss). Although the failure to rely upon a particular legal theory is not fatal to relator's complaint because "a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory[,]" *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995), the magistrate finds relator cannot establish he has a right to any change in the current jail-time credit calculation under any legal theory.

{¶ 19} Unable to demonstrate or explain how respondents erred in calculating his jail-time credit, even construing the factual allegations in relator's complaint as true, relator

cannot show that he had a clear legal right to any change in his jail-time credit calculation and that respondents owed him a clear legal duty to change his jail-time credit calculation.

{¶ 20} Accordingly, it is the magistrate's decision that relator cannot show he is entitled to the relief requested, and the court should grant respondents' motion to dismiss relator's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).