[Cite as *State v. Cardwell*, 2026-Ohio-2194.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No. 26AP-189 |
| Plaintiff-Appellee, | : | (C.P.C. No. 10CR-7131) |
| v. | : | (ACCELERATED CALENDAR) |
| Carold D. Cardwell, | : | No. 26AP-190 |
| Defendant-Appellant. | : | (C.P.C. No. 11CR-1016) |
| | : | (ACCELERATED CALENDAR) |
| | : | |

D E C I S I O N

Rendered on June 11, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Carold D. Cardwell*, pro se.

APPEALS from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Carold D. Cardwell, appeals from the February 3, 2026 judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit. For the reasons that follow, we affirm the judgment below.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} In 2010 and 2011, plaintiff-appellee, the State of Ohio, charged Mr. Cardwell with multiple counts of aggravated robbery with firearm specifications, among other offenses, in three cases: Franklin County Court of Common Pleas case Nos. 10CR-5726, 10CR-7131, and 11CR-1016. We need not belabor the nature of these offenses, as it is not relevant to the issue before us in this case.

{¶ 3}   On August 28, 2011, while represented by his court-appointed attorney, Mr. Cardwell elected to withdraw his pleas of not guilty and enter into a negotiated plea agreement with the state.  Specifically, the plea agreement provided that, in exchange for pleading guilty to four counts of aggravated robbery, a first-degree felony, with firearm specifications, the state would move to dismiss the remaining counts and specifications in his three cases.  On October 27, 2011, the trial court sentenced Mr. Cardwell to an aggregate prison sentence of 18 years.  Specifically, the court imposed a non-mandatory ten-year prison term on each of the four aggravated robbery counts, all to run concurrent to one another but consecutive to both of the three-year mandatory prison terms imposed on the firearm specifications for case No. 10CR-5726 (which is not the subject of this appeal), the one-year mandatory prison term imposed on the firearm specification for case No. 10CR-7131, and the one-year mandatory prison term on the firearm specification for case No. 11CR-1016.  The trial court awarded 398 days of jail-time credit in case No. 10CR-5726, and zero days of jail-time credit for the other two cases, and acknowledged in all three cases that Mr. Cardwell would receive jail-time credit for additional jail-time served while awaiting transportation to an Ohio Department of Rehabilitation and Correction institution.  Mr. Cardwell did not appeal from that judgment.

{¶ 4}   On January 13, 2026, Mr. Cardwell, acting pro se, filed his fifth postconviction motion challenging the allocation or calculation of jail-time credit in case Nos. 10CR-7131 and 11CR-1016.  Mr. Cardwell's prior requests were denied by the trial court on October 6, 2022 (denying Mr. Cardwell's September 28, 2022 motion), March 20, 2023 (denying Mr. Cardwell's February 2, 2023 motion), February 27, 2024 (denying Mr. Cardwell's November 14, 2023 motion), and May 28, 2024 (denying Mr. Cardwell's May 10, 2024 motion).

{¶ 5}   On February 3, 2026, the trial court entered a decision denying Mr. Cardwell's fifth challenge to the allocation of jail-time credit.  Mr. Cardwell timely appealed from that decision and now asserts the following sole assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR BY DENYING [MR. CARDWELL'S] MOTION TO CORRECT JUDGMENT ENTRY OF CONVICTION AND SENTENCE PURSUANT TO CRIM. R. 52(B) IN VIOLATION OF CRIM. R. 36 & O.R.C. §2929.19

> (B)(2)(H)(I) & (III), §2967.191, §2929.41 & *STATE V. BRYANT 2020-OHIO-363* QUOTING *STATE V. FUGATE 2008-OHIO-856*.

(Sic passim.) (Appellant's Brief at 5.)

## II. ANALYSIS

{¶ 6} In his sole assignment of error, Mr. Cardwell contends the trial court erred in failing to apply jail-time credit in case Nos. 10CR-7131 and 11CR-1016. It is true, as he argues, that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *State v. Fugate*, 2008-Ohio-856, ¶ 22. In explaining the differences between consecutive and concurrent sentences in the context of jail-time credit, the Supreme Court of Ohio has reasoned that "[i]f an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held." *Id*. at ¶ 22. "To deny such credit would constitute a violation of the Equal Protection Clause." *Id*.

{¶ 7} However, the principle on which Mr. Cardwell's argument relies has little bearing in this case. This is because Mr. Cardwell was sentenced to a mandatory, consecutive prison term of six years for the firearm specifications in case No. 10CR-5726—the case in which the 398 days of jail-time credit was awarded. When a defendant is sentenced to both mandatory and non-mandatory prison terms, as Mr. Cardwell was in this case, any mandatory prison terms imposed for a firearm specification must be served first. *See, e.g.*, R.C. 2929.14(C)(1); Adm.Code 5120-2-03.1(I). As such, the 398 days of jail-time credit would apply to the six-year mandatory prison time imposed for the two firearm specifications in case No. 10CR-5726—not the ten years of non-mandatory prison time concurrently imposed for the aggravated burglary counts.

{¶ 8} Thus, contrary to Mr. Cardwell's contention otherwise, the jail-time credit awarded by the trial court would not apply to the concurrent prison terms he received for the aggravated burglary counts in case Nos. 10CR-7131 and 11CR-1016. To the extent Mr. Cardwell believes the Ohio Department of Rehabilitation and Correction has erred in its application of the jail-time credit awarded by the trial court when calculating his total

prison term, that issue is not before us in this case. Indeed, relief for such concern would be appropriately sought through an action for a writ of mandamus compelling the department to correct their computation of his jail-time credit. *See generally State ex rel. Villareal v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-3402 (10th Dist.); *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2348.

{¶ 9} For these reasons, we find no error in the trial court's judgment denying Mr. Cardwell's January 13, 2026 motion to apply jail-time credit toward each concurrent term imposed in case Nos. 10CR-7131 and 11CR-1016. Accordingly, we overrule his sole assignment of error.

## III. CONCLUSION

{¶ 10} Having overruled Mr. Cardwell's sole assignment of error, we affirm the February 3, 2026 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.